**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Antoine Valentin,<br><br>      Petitioner<br><br>v.<br><br>Warden Brian Williams, et al.,<br><br>      Defendant | 2:17-cv-03124-JAD-VCF<br><br>**Order Dismissing Petition**<br><br>[ECF No. 1] |

      After a thorough discussion of the limitations period for bringing a federal habeas corpus action and explaining that this petition missed the May 16, 2017, filing deadline by seven months, I ordered pro se petitioner Antoine Valentin to show cause why his petition should not be dismissed as untimely.[1] Valentin's show-cause response does not establish a basis to excuse the untimeliness of his petition.

      First, Valentin's unsworn letter response fails to present competent evidence of any fact. I told Valentin that "all assertions of fact made in response to [my] show-cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence."[2] I also advised him that "I will not consider any assertions of fact that are not specific as to time and place, that are not made under a declaration under penalty of perjury based upon personal knowledge, or that are not supported by competent evidence filed by Valentin in the federal record."[3] Valentin's unsworn assertions do not constitute competent evidence.

      But even if I consider Valentin's unsworn representations, he has not presented facts that overcome the untimeliness of his petition. First, Valentin does not present a viable basis for equitable tolling. Equitable tolling is available only if the petitioner can show that: (1) he has

---

[1] ECF No. 3.

[2] *Id.*

[3] *Id.* at 3–4.

been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing.[4] Equitable tolling is "unavailable in most cases,"[5] and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule."[6] The petitioner ultimately has the burden of proof on this "extraordinary exclusion."[7] Accordingly, Valentin must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing.[8]

Valentin asserts in his letter, among other things, that: (1) neither his attorney on his direct appeal nor his state post-conviction counsel visited him at prison in response to his requests in order to discuss his case to help him understand what was being done on his behalf; (2) Terrence Jackson, his state post-conviction counsel, informed him on February 17, 2017, that the state supreme court had issued the remittitur and that his representation had concluded; (3) Valentin was told by an unidentified person that he had one year from the state supreme court's decision to "appeal" to the federal courts; (4) he still was and had been "under the impression that when the court affirmed the decision on Feb. 14, 2017, that [he] had within February 14, 2018, to file [his] appeal;" (5) when an inmate requests that a check be sent from High Desert State Prison for any reason, it may take up to two months; and he therefore mailed the federal petition to his grandmother in New Hampshire to mail the petition to federal court with the filing fee; and (6) he has no legal representation.[9]

---

[4] *Holland v. Florida*, 560 U.S. 631, 649 (2010).

[5] *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

[6] *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

[7] *Id.* at 1065.

[8] *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *see also Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

[9] ECF No. 4.

Valentin attaches with his response a copy of a February 17, 2017, letter from Terrence Jackson enclosing the state supreme court's February 14, 2017, remittitur. The letter states that "[t]his completes my representation of your criminal case." The letter makes no statement regarding the time to file a petition in federal court.[10] These factual representations would not establish a basis for equitable tolling, as they do not establish that "some extraordinary circumstance stood in his way and prevented timely filing."

The alleged fact that Valentin's direct appeal and state post-conviction attorneys did not visit him at prison as he requested during those proceedings does not excuse his failure to file a timely federal petition. Counsel represented Valentin in those proceedings, not this one. Attorney Jackson clearly terminated his representation on February 1, 2017, only three days after the conclusion of the state post-conviction proceedings on February 14, 2017. Any failure of Valentin's prior lawyers to visit him at prison during his prior proceedings does not excuse his failure to timely file a federal petition after he was notified of the conclusion of both the state post-conviction proceedings and Jackson's representation.

Rather, it appears from Valentin's unsworn allegations that he failed to timely file a federal petition because he was told, by some unidentified person, that he had a year after the February 14, 2017, remittitur to timely file a federal petition,[11] when, in fact, he had just 91 days left in the statutory period.[12] Any alleged erroneous advice—including if it was by prior counsel—and any such misunderstanding by Valentin about how the federal one-year limitation period applied to his case does not provide a basis for equitable tolling. Mistake, inadvertence, error, miscalculation, or negligence by counsel or by Valentin himself clearly does not present an extraordinary circumstance establishing a potentially viable basis for equitable tolling under the governing law.

---

[10] ECF No. 4 at 5–6.

[11] ECF No. 4 at 2 ("I am and was under the impression that when the court affirmed the decision on Feb. 14, 2017 that I had until February 14, 2018 to file my Federal appeal.").

[12] *See* ECF No. 3 at 1–2 (explaining the calculation).

Indeed, in *Lawrence v. Florida*,[13] the Supreme Court rejected the petitioner's contention that "his counsel's mistake in miscalculating the limitations period entitle[d] him to equitable tolling."[14] The Court held that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."[15] A long line of Ninth Circuit authority uniformly holds that attorney negligence, mistake, or error in calculating the federal limitation period does not provide a basis for equitable tolling.[16] And a pro se petitioner's lay status and ignorance of the law is not an extraordinary circumstance giving rise to equitable tolling.[17]

Any alleged, general delays in obtaining checks from High Desert State Prison also did not constitute an extraordinary circumstance standing in the way of and preventing the filing of a timely federal petition. Valentin does not show that he made a check request within the federal limitation period that was not processed until after the expiration of the federal limitation period. He shows instead that he did not send his petition to his grandmother until December 2017, nearly seven months after the one-year period had already expired. And Valentin's response reflects that the cause of his waiting that late to seek to file the petition was his still-continuing mistaken belief that he had until February 14, 2018, to file. Alleged check processing delays thus did not cause the untimely filing. Valentin therefore has failed to present a potentially viable basis for equitable tolling, even if his unsupported factual assertions are assumed to be true.

---

[13] *Lawrence v. Florida*, 549 U.S. 327 (2007).

[14] *Id.* at 336.

[15] *Id.* at 336–37.

[16] *See, e.g.*, *Randle v. Crawford*, 604 F.3d 1047, 1058 (9th Cir. 2010); *Spitsyn*, 354 F.3d at 800; *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001); *see also Miranda*, 292 F.3d at 1065–68 (the attorney's incorrect and thus misleading advice to the petitioner regarding the calculation of the limitation period constituted negligence that did not give rise to equitable tolling).

[17] *See Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009).

Valentin has also not demonstrated a potentially viable basis for overcoming the untimeliness of the petition based upon a showing of actual innocence. This is his explanation:

> At the end of Judge Dorsey's letter it states I must come forward with new reliable evidence tending to establish actual factual innocence. My understanding of this last line is that I must include evidence that was never brought up at my trial or past appeals.
>
> I would like it to be known that at my trial in January of 2012 NRS 179.500 contents of intercepted communications inadmissible in evidence unless transcript provided to parties before trial NRS 179.505 Motion to Suppress, NRS 179.480 Progress Reports to Judge, and NRS 179.490 Sealing of Applications and Orders were never brought up at trial.[18]

I informed Valentin that all assertions of fact made in response to my show-cause order needed to be detailed, specific as to time and place, and supported by competent evidence. Valentin has not presented specific facts that would tend to establish his actual innocence, *i.e.*, that no juror acting reasonably would have found him guilty beyond a reasonable doubt. Instead, his response refers to alleged violations of various state statutes. But he must establish actual factual innocence, not merely legal insufficiency due to an alleged procedural violation.[19] The petition will therefore be dismissed with prejudice as untimely.

Regarding Valentin's request in his response for appointment of counsel, I do not find that the interests of justice require the appointment of counsel in this case. The petition is untimely on its face, and Valentin has not presented a potentially viable factual basis for overcoming the untimeliness of the petition following a show-cause order outlining the relevant procedural history and applicable law. Rather, Valentin's response reflects that he filed an untimely petition because he was misinformed about or misunderstood the statute of limitations. Appointment of counsel therefore is not warranted for further factual development, as a potentially viable factual basis for overcoming the untimeliness of the petition has not been presented.

---

[18] ECF No. 4 at 3–4.

[19] *See Bousley v. United States*, 523 U.S. 614, 623 (1998).

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that **the petition [ECF No. 1] is DISMISSED with prejudice as untimely**.

IT FURTHER IS ORDERED that **a certificate of appealability is DENIED**. For the reasons explained in this order, reasonable jurists would find not find my decision to dismiss with prejudice an untimely petition to be debatable or wrong.

The **Clerk of Court** is directed to **ENTER JUDGEMENT** accordingly, in favor or respondents and against petitioner, and **CLOSE THIS CASE**.

DATED: January 24, 2018.

_____
U.S. District Judge Jennifer A. Dorsey